**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6721**

---

WELDON EUGENE HOLTZCLAW, JR.,

Plaintiff - Appellant,

v.

STATE OF SOUTH CAROLINA,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:25-cv-01371-DCC)

---

Submitted:  November 25, 2025                    Decided:  December 2, 2025

---

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Weldon Eugene Hotzclaw, Jr., Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weldon Eugene Holtzclaw, Jr., seeks to appeal the district court's order accepting the magistrate judge's recommendation, dismissing Holtzclaw's 42 U.S.C. § 1983 complaint, and imposing prefiling restrictions in light of Holtzclaw's vexatious litigation conduct. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 18, 2025, and the appeal period expired on July 18, 2025. Holtzclaw filed the notice of appeal on August 19, 2025.[*] Because Holtzclaw failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Holtzclaw's pending appellate "motion to appeal," and we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Holtzclaw could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).